Lei Mei (State Bar No. 240104)
mei@meimark.com
P. Andrew Riley (Pro Hac Vice)
ariley@meimark.com
MEI & MARK LLP
818 18th Street NW, Suite 410
Washington, DC 20006
Telephone: 888-860-5678
Facsimile: 888-706-1173

Attorneys for Defendants
Hangzhou Taihe Trading Co., Ltd. and
Ningbo Likeju Trading Co., Ltd.

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EP FAMILY CORP., a California corporation<br><br>    Plaintiff,<br><br>v.<br><br>CHANGZHOU WIN UP TIME TECHNOLOGY CO. LTD, et al.,<br><br>    Defendants. | Case No.: CV 22-04242-GW-MARx<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING ATTORNEY FEES**<br><br>Judge: Hon. George H. Wu |

i

DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING ATTORNEY FEES
Case No.: CV 22-04242-GW-MARx

# TABLE OF CONTENTS

I.   **INTRODUCTION** ..................................................................................1

II.  **Legal Standard** ...................................................................................1

III. **Defendants' Fees Are Reasonable** .....................................................1

    A.   **Reasonableness of the hourly rates**........................................1

    B.   **Reasonableness of Hours** .......................................................3

IV. **Full Compensation Is Appropriate** ...................................................5

V.  **Conclusion** ..........................................................................................5

## I. INTRODUCTION

Defendants' requested fees, amounting to $88,838.00 after inclusion of the present briefing, are reasonable.

## II. Legal Standard

The award of attorney fees under 35 U.S.C. § 285 is guided by the lodestar method, which provides a presumptively reasonable fee amount. *See Lumen View Tech LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 483 (Fed. Cir. 2016). The lodestar figure is calculated by multiplying the hours reasonably expended by a reasonable hourly rate. *Blum v. Stenson*, 465 U.S. 886, 888 (1984).

Courts look to the prevailing market rate to determine a reasonably hourly rate, considering the attorneys' skill, experience, and reputation as compared to others in the market. *Id.* at 895. A court, in general uses the "forum rate in the lodestar calculation." *Avera v. Sec'y of Health and Human Services*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).

In determining the reasonable amount of time spent, the Court must necessarily exercise its discretion in making this equitable judgment. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "There is no precise rule or formula for making these determinations." *Id.* at 436.

## III. Defendants' Fees Are Reasonable

### A. Reasonableness of the hourly rates

Mei and Mark's hourly rates for this matter are reasonable considering each attorneys' skill, experience, and reputation.[1]

Lei Mei has a standard hourly rate of $700. Mr. Mei is a founding and named partner of Mei and Mark, LLP. He has practiced intellectual property law

---

[1] When the parties conferred, Plaintiff did not contest the reasonableness of the rates.

1

DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING ATTORNEY FEES
Case No.: CV 22-04242-GW-MARx

for over 19 years and represented clients in nearly 100 cases. He has extensive trial and counselling experience, and he has recognized as a Super Lawyer since 2018. Declaration of Lei Mei ("Decl."), ¶¶3-6.

P. Andrew Riley has a standard hourly rate of $700. Mr. Riley is a partner at Mei and Mark, LLP. He has practiced IP law for over 20 years and represented clients in nearly 100 cases. He has extensive trial and counselling experience. In addition, Mr. Riley serves as the Chair of the Board of Governors of Virginia State Bar Intellectual Property Section. Decl., ¶7.

Guang-Yu Zhu has a standard hourly rate of $600. Mr. Zhu has practiced IP law for over 10 years and represented clients in over 70 cases. He has extensive litigation and counselling experience, and he has represented numerous clients before the Patent Trial and Appeal Board in post-grant proceedings. Decl., ¶8.

Robert Hall has a standard hourly rate of $600. Mr. Hall has practiced IP law for 15 years and has represented clients in over 30 patent infringement cases. Decl., ¶10.

Manni Li has a standard hourly rate of $660. She has practiced intellectual property law for over 20 years. Decl., ¶9.

Published opinions have approved rates similar those here. In *Large Audience Display Sys., LLC v. Tennman Prods, LLC*, No. CV 11-3398-R, 2017 WL 2432140, at *2 (C.D. Cal. June 2, 2017), the Court approved "hourly rate[s] ranging from $595 to $690" as reasonable. Moreover, the Court noted that the 2013 AIPLA survey indicates that the "average hourly rate charged by intellectual property lawyers in Los Angeles is $557 per hour" and the "2015 Real Rate Report indicates that the median rate for intellectual property partners was $654.58 per hour." *Id.* These rates, from nearly a decade ago, support the reasonableness of the rates here.

Similarly, in *Spolar v. Discovery Commc'n, LLC*, No. 2:20-cv-08837-SVW-MAA, 2021 WL 6618877, at *6 (C.D. Cal. Oct. 15, 2021), the Court noted the median hourly rate for partners and associates working on intellectual property matters in Los Angeles was $645 and $615, respectively, according to the 2020 Real Rate Report.[2] This median rate for associates ($615) from 2020 is higher than the rates for Messrs. Zhu and Hall. Although that median rate for partners from 2020 ($645) is slightly lower than the partner rates here, Messrs. Mei and Riley's rate are reasonable, even if slightly higher than the median, given their skill, experience, and reputation as compared to others in the market. *See Blum v. Stenson*, 465 U.S. at 895; *see also Blackbird Tech LLC v. Health in Motion LLC*, No. CV 17-3488-R, 2018 WL 10247635 at *2 (C.D. Cal. Sept. 10, 2018) (approving a *local counsel* hourly rate of $695 as reasonable based in part on 20 years of experience in intellectual property litigation).

### B.  Reasonableness of Hours

Defendants' hours in this case are reasonable, given the stage of litigation and the amount of work performed. Decl., ¶¶13-15, 20-21. The Court's tentative ruling noted that "Defendants only filed an answer to the complaint, various status reports, and prepared the instant motion." Dkt. 69. This case, however, required work in connection with discovery, analysis, and motion drafting that did not ultimately result in a filed paper. Decl., ¶¶18-19.

Defendants spent time in connection with discovery. This case was stayed on June 20, 2023. Dkt. 45. The Court ordered: "All regular discovery will be completed by August 4, 2023." Dkt. 26. The Court's also required discovery requests to be "served sufficiently early such that a motion to compel (if necessary)

---

[2] Defendants acknowledge the Court's reference to the 2023 Real Rate Report. Dkt. 69 at 6, n.2. To further limit costs, Defendants have not purchased access to that report.

can be filed, hard and complied with before the cut-off date." *Id.* Thus, Defendants discovery-related time is reasonable. Decl., ¶18.

Defendants also analyzed invalidity and noninfringement. Some of this analysis is reflected in Defendant's Answer. *See* Dkt. 19 at 7-10 (noninfringement), 11-14 (invalidity). But Defendants' responsibility to develop their positions did not end with the Answer. Spending time to develop invalidity and noninfringement positions—including time spent searching for, identifying, and analyzing additional prior art—is reasonable in the context of a patent infringement litigation. Plaintiff complained during the meet-and-confer that Defendants spent too much time analyzing invalidity given the obviously invalid nature of the '012 patent. Defendants respectfully submit that the degree of frivolity of Plaintiff's infringement claim does not somehow place a limit on the degree of Defendants' diligence with respect to invalidity.

Defendants also spent time drafting a motion for summary judgment of noninfringement. Decl., ¶14, 19. The Court did not agree to stay the case until June 20, 2023. Dkt. 45. Moreover, the Court's scheduling order states that the "last day for the Court to hear any motions (other than motions in limine . . . ) is October 19, 2023." Dkt. 26. Given the late stage of the case (1.5 months until fact discovery close), it was reasonable for Defendants to begin preparing a summary judgment motion.

Finally, Plaintiff complained during the meet-and-confer that some of Defendants' time entries mention the IPR. While some of the entries do mention the IPR, they relate to either invalidity analysis that overlaps with the district court or analysis relating to the stay, which is a district court procedure. Defendants are not seeking fees for any work directly on the IPR.

As demonstrated above, Defendants' participation in this case required reasonable and necessary work that did not result in a filed paper. This case was not stayed early. It lasted until nearly the close of fact discovery. For example, the AIPLA Report of the Economic Survey states that the average cost of litigation through discovery is at least $300,000. Ex. 3. In total, Defendants seek fewer than 150 hours, totaling $88,838.00, including the time spent briefing the instant fee motion. Defendants' fees here are quite modest in comparison.

## IV. Full Compensation Is Appropriate

Defendants should be awarded their full fees—without reduction. The purpose of 35 U.S.C. § 285 is to "***make whole*** a party injured by an egregious abuse of the judicial process." *Mathis v. Spears*, 857 F.2d 749, 757-58 (Fed. Cir. 1988) (emphasis added); *see also Gilead Sci. Inc. v. Merck & Co., Inc.*, No. 13-cv-04057-BLF, 2017 WL 3007071, at *5 (N.D. Cal. July 14, 2017) (noting limited circumstances for reducing fees). Reducing Defendants' modest fee request would be unjust here given the particularly unusual substantive weakness of Plaintiff's infringement case—enforcing a patent on nothing more than two planks in 2022. Defendants have spent over $200,000 in unsought and unrecoverable fees and costs in the associated IPR. By comparison, Defendants' fees here are modest. Defendants should be made whole[3] here.

## V. Conclusion

For the foregoing reasons, the Court should find Defendants' attorney fees reasonable and award them without reduction.

---

[3] If the Court reduces fees, it should be limited to 10 percent unless there is a specific reason. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (limiting reduction to 10 percent "without a more specific explanation"); *see also Big Baboon, Inc. v. SAP America, Inc.*, No. 17-cv-02082-HSG (EDL), 2019 WL 5088784, at *7 (N.D. Cal. 2019) (applying *Moreno* in an exceptional case under 35 U.S.C. § 285).

Dated: January 31, 2025              Respectfully Submitted

By: */s/ Lei Mei*
Lei Mei (State Bar No. 240104)
mei@meimark.com
P. Andrew Riley (Pro Hac Vice)
ariley@meimark.com
MEI & MARK LLP
818 18th Street NW, Suite 410
Washington, DC 20006
Telephone: 888-860-5678
Facsimile: 888-706-1173

Attorneys for Defendants
Hangzhou Taihe Trading Co., Ltd.
and Ningbo Likeju Trading Co., Ltd.

6

DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING ATTORNEY FEES
Case No.: CV 22-04242-GW-MARx

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 31, 2025 to all counsel of record via the Court's CM/ECF system.

By: ___/s/ Lei Mei___

Lei Mei